UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARENCE KIRKLAND,

                    Plaintiff,

            -against-

NEW YORK STATE DIVISION OF PAROLE;
MS. PAGAN, Parole Officer; BETTY KYLES;
JANET DIFIORE, District Attorney; JAMES
BAVERO, District Attorney; ANNE E.
MINIHAN, Judge; ALLAN FOCARILE,
Lawyer Legal Aid Society of Westchester,

                    Defendants.

20-CV-8606 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff sues the judge and attorneys involved in his 2017 Westchester County conviction, for which he is currently on post-release supervision. He also sues parole officers and the New York State Division of Parole. Plaintiff seeks $10 million in damages.

By order dated October 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the complaint is dismissed with leave to replead certain claims within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

## BACKGROUND

In 2015, Plaintiff Tarence Kirkland was arrested in Yonkers on charges of having sold

cocaine to an undercover police officer.[1] The Honorable Anne Minihan presided over Plaintiff's

criminal proceedings in the County Court of the State of New York, Westchester County. On

July 13, 2017, a jury convicted Plaintiff of two counts of sale of narcotics in the third degree.

Plaintiff attaches to the complaint a transcript of his September 1, 2017 sentencing

hearing, in which defense counsel argued that: (1) at the time of Plaintiff's first felony conviction

in 2002 for statutory rape, it was not classified as a violent crime, though the conviction was later

reclassified as such; and (2) no second felony offender enhancement should apply to the 2017

conviction because more than ten years had passed since Plaintiff's 2002 felony conviction. The

attorneys also debated whether tolling applied (rendering Plaintiff's prior conviction within the

10-year period for purposes of the sentencing enhancement), which turned on whether Plaintiff

had been present at his final parole revocation hearing.

Judge Minihan held that, for purposes of the sentencing enhancement, the relevant issue

was whether Plaintiff had a prior conviction that qualified at the time of his current sentencing as

---

[1] This description is taken from the allegations in the complaint and the attached exhibits.

a violent felony. She also concluded that the minutes of the parole revocation hearing reflected that Plaintiff was present and was represented by counsel at his final parole revocation hearing; thus, she concluded that because of tolling, his prior felony was deemed to have been within the last ten years, and he qualified for the second felony offender enhancement.[2]

Assistant District Attorney (ADA) James Bavero noted at the sentencing hearing that the maximum sentence for each count was 15 years' imprisonment, and that if the sentences were imposed consecutively, Plaintiff potentially faced 30 years' incarceration. However, ADA Bavero did not recommend a thirty-year sentence, though he did recommend a sentence "in double digits." On September 1, 2017, Judge Minihan sentenced Plaintiff to six years' incarceration on each count, to run concurrently, and one and a half years' post-release supervision (PRS). Plaintiff filed various challenges to the judgment of conviction and sentence,[3] and he filed grievances against the presiding judge, his attorney, and the district attorney, none of which were successful. (*Id.* at 30, 37.) On October 8, 2020, Plaintiff was released to PRS.

---

[2] Plaintiff attaches to the complaint his letters to the New York City Police Department's Fourth Precinct stating that his traffic stop on September 30, 2015, was the result of racial profiling or retaliation for his having filed a prior racial profiling complaint against an officer of the Fourth Precinct. (ECF 2-1 at 6.) But Plaintiff does not appear to sue any defendant in connection with this traffic stop.

[3] Plaintiff filed a notice of appeal on September 18, 2017, which was opened as *People v. Kirkland*, Appellate Division No. 17-CV-10699 (2d Dep't 2017). On April 27, 2018, the Second Department enlarged the time for him to perfect his appeal (ECF 2-1 at 40), but it is unclear if he did so. (*Id.* at 20.) In July 2018, Plaintiff filed a § 440.10 motion in the Westchester County Court, raising claims of ineffective assistance of counsel, prosecutorial misconduct, and an unfair trial (*id.* at 17-23), but the County Court, on November 8, 2018, denied the § 440.10 motion. (*Id.* at 24.) On June 6, 2019, the County Court denied Plaintiff's § 440.20 motion, rejecting Plaintiff's claims that he was improperly sentenced as a second felony offender, that his counsel was ineffective, and that the evidence at trial was insufficient. (*Id.* at 27.)

## DISCUSSION

**A.     Challenge to Conviction**

Many of Plaintiff's allegations challenge the validity of his 2017 Westchester County conviction. He argues, among other things, that he should not have been sentenced as a second felony offender.

A litigant may not challenge the validity of his conviction or obtain release from custody in a § 1983 action. Instead, the proper vehicle for challenging a state conviction in federal court is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by seeking release from custody in a civil rights action. *Preiser*, 411 U.S. at 489-90.

A state prisoner generally exhausts his claims in the state courts by pursuing "one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).[4] Plaintiff's application does not demonstrate that he exhausted his state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[5] *See Coleman v. Thompson*, 501 U.S.

---

[4] If Petitioner has failed to complete one round of state court review and can no longer do so, he must show cause and prejudice for the failure to exhaust state court remedies. *Coleman,* 501 U.S. at 750 (holding that a court may excuse exhaustion if petitioner demonstrates: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice").

[5] Moreover, a § 2254 petition generally must be filed within one year from the latest of four benchmark dates, that is, the date when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d).

722, 731 (1991). Because Plaintiff seeks only damages in this civil rights complaint, the Court does not recharacterize this application as a § 2254 petition.

Plaintiff also makes allegations attacking the validity of his 2002 conviction, for which he has fully served his sentence. *See Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (holding that *habeas* petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed" and that courts normally lack jurisdiction over petitions challenging fully expired sentences). The Court also declines to recharacterize this civil rights action for damages under § 1983 as a § 2254 petition challenging Plaintiff's expired 2002 conviction. Nothing in this order prevents Plaintiff from bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 that complies with the standards set forward herein.[6]

**B.     Claims against Legal Aid Attorney**

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private

---

[6] The Court notes that although Plaintiff is not in physical custody for his 2017 Westchester County conviction, a litigant subject to PRS can be deemed in custody for purposes of a § 2254 *habeas* petition challenging that conviction. *See Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (holding that post-release supervision is a part of a criminal defendant's sentence).

counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

Plaintiff alleges that Allan Focarile, a Legal Aid attorney, "said [Plaintiff] never should have [gone] to jail" for his 2002 conviction. (ECF 2 at 5). Plaintiff also attaches a February 4, 2016 memorandum from DOCCS to Defendant Focarile detailing the calculation of Plaintiff's jail time credits. (*Id.* at 76.) Because Defendant Focarile is a private party who does not qualify as a state actor, Plaintiff has not stated a claim against Defendant Focarile under § 1983.

## C.      Prosecutorial Immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against District Attorney James Bavero are based on actions within the scope of his official duties and associated with the conduct of a trial. Plaintiff's claims against Defendant Bavero are therefore dismissed because they seek monetary relief against a

defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(b)(iii). Moreover, a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process." *Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011). These claims are therefore also dismissed as frivolous.

## D.    Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff sues Judge Anne Minihan for her judicial actions while presiding over his criminal proceedings. He also sues Supreme Court Justice Janet DiFiore in connection with his April 11, 2013 hearing, at which she determined that he should be classified as a Level 1 sex offender. (ECF 2 at 29). Plaintiff alleges that Justice DiFiore "falsified documents" in connection with these proceedings. (*Id.* at 6.) Plaintiff's claims must be dismissed because Judge Anne Minihan and Judge Janet DiFiore have absolute immunity from suit for claims arising out of, or related to, individual cases before them. *See* 28 U.S.C. § 1915(e)(2)(b)(iii).

## E.    New York State Division of Parole

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against the New York State Division of Parole are therefore barred by the Eleventh Amendment and are dismissed.

## F.    Parole Officers

Plaintiff names Parole Officers Pagan and Betty Kyles as defendants in the caption of the complaint but fails to mention them in the body of the complaint.[7] First, as parole officers employed by the State of New York, the Eleventh Amendment bars any claims for damages against these defendants in their official capacities. *See Gollomp*, 568 F.3d at 366 (holding that Eleventh Amendment applies to claims against state agents). Moreover, to state a claim against an individual under § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Because Plaintiff does not plead any facts about what Defendants Pagan or Kyles personally did or failed to do that violated his rights, Plaintiff also fails to state a claim against these defendants in their individual capacities. The Court therefore dismisses Plaintiff's claims against Defendants Pagan and Kyles.

The Court further notes that Plaintiff seeks damages in this action for having been "sent to state prison." (ECF 2 at 6). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply

---

[7] According to public records of the New York State Department of Corrections and Community Supervision, Plaintiff's current parole officers are Parole Officer S. Gomez-Coz and Senior Parole Officer T. Johnson.

the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A § 1983 plaintiff cannot recover for the "injury" of being convicted and imprisoned until his conviction has been overturned. *Id.* at 487. Thus, if Plaintiff's claims against Defendants Pagan and Kyles would be necessarily  inconsistent with Plaintiff's still outstanding conviction, or if Plaintiff sues Defendants Pagan and Kyles for damages based on the injury of his conviction, it would be futile for him to replead such claims.

**G.     Leave to Amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend where amendment would be futile. *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011).

Here, it would be futile for Plaintiff to replead his claims against the defendants entitled to immunity from suit– that is, ADA Bavero, Judge DiFiore, Judge Minihan, and the New York State Division of Parole. It would also be futile for Plaintiff to replead his § 1983 claims against Defendant Focarile because, as an attorney, he does not qualify as a state actor. Because Plaintiff does not give any facts about his claims against Parole Officers Pagan and Kyles, it is unclear if he may be able to state some claim against them under § 1983, and the Court therefore grants Plaintiff 30 days' leave to replead his claims against them.

In his amended complaint, Plaintiff must tell the Court: who violated his federally protected rights; what facts show that defendants violated his federally protected rights; when such violation occurred; where such violation occurred; and why he is entitled to relief. If

Plaintiff fails to amend his complaint within 30 days, the Court will enter judgment consistent with this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead.

**SO ORDERED.**

Dated:   November 13, 2020
         New York, New York

_____
Louis L. Stanton
U.S.D.J.